# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2026

Lyle W. Cayce
Clerk

No. 25-11381
Summary Calendar

Olamide Olatayo Bello,

*Petitioner—Appellant*,

*versus*

Kristi Ciolli, *Warden, Federal Correctional Institution Seagoville*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:25-CV-2947

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Olamide Bello, federal prisoner #65100-510, moves to proceed *in forma pauperis* ("IFP") to appeal the dismissal without prejudice of his 28 U.S.C. § 2241 petition and the denial of his constructive motion for reconsideration under Federal Rule of Civil Procedure 59(e). In his § 2241 proceeding, Bellow raised (i) jurisdictional challenges to his convictions of conspiracy to commit wire fraud and conspiracy to commit money laundering

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and (ii) claims that, *inter alia*, he was deprived of an interpreter during various phases of his criminal proceedings and that his sentencing transcript contains errors and omissions. This court's inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Because Bello's § 2241 petition challenged trial and sentencing errors, it must be construed as a 28 U.S.C. § 2255 motion. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). As only the sentencing court in the Eastern District of Texas has jurisdiction to decide such a motion, *see Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997), to avoid dismissal, Bello must satisfy the saving clause of § 2255(e) by showing that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court," *Jones v. Hendrix*, 599 U.S. 465, 478 (2023). Bello has failed to raise a nonfrivolous argument that he can make that showing. *See id*. at 480–81.

Bello contends that the district court should have transferred his § 2241 proceeding to the district court for the Eastern District of Texas under 28 U.S.C. § 1631, rather than dismiss it, because a transfer was in the interest of justice. Because his § 2241 petition was dismissed without prejudice, he can raise his current challenges to his conviction and sentence if he files a § 2255 motion in the district of the sentencing court. He has failed to raise a nonfrivolous argument that the interest of justice favored the transfer of his § 2241 proceeding.

Because Bello does not make the requisite showing that he will present a nonfrivolous issue for appeal, *see Howard*, 707 F.2d at 220, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. Bello's motion to file an amended or correct brief is GRANTED. His

No. 25-11381

motion to "resume" his appeal and for emergency consideration is DENIED as moot. His motion for appointment of counsel is DENIED.

Based on Bello's filing history in this court, he is WARNED that the future filing of repetitive or frivolous pleadings in this court may result in the imposition of sanctions including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.